UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALVIN ROBERT TAYLOR, | ) | CASE NO. 1:06 CV 929 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GERALD E. FUERST, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

CHRISTOPHER A. BOYKO, J.:

On April 17, 2006, plaintiff pro se Alvin Robert Taylor filed this action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Clerk Gerald E. Fuerst, Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, Marion Correctional Institution ("MCI") Warden M. Breighter, and MCI Warden's Assistant Timothy Brant. In the complaint, plaintiff alleges that all but $10.00 of his prison trust account is being used for payment of court costs in violation of the First and Fourteenth Amendments. He seeks injunctive relief.

### *Background*

Mr. Taylor alleges that Mr. Fuerst forwarded a statement of the court costs, fines, and filing fees assessed against him to MCI. He claims the prison then placed a hold on his prison trust account and sent notice of this action to the plaintiff. He contends that he is left with only $10.00 per month in his trust account with which to purchase commissary items, pay medical co-pays, and pursue his legal actions. He indicates that this policy further deprives him of the ability to be considered an indigent inmate because that status is accorded only to inmates with $ 9.00 or less in their accounts. Indigent inmates are provided with free legal kits and are provided with basic hygiene items. He requests an order from this court prohibiting the prison from withholding money from his account to pay for court costs, fines and filing fees.

### *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion

requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Mr. Taylor has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and includes only general conclusory statements of exhaustion in his pleadings which are not sufficient to satisfy the mandates of § 1997e. The inmate bears the burden of establishing exhaustion of

administrative remedies. Brown, 139 F.3d at 1104. Mr. Taylor has not satisfied that burden.

### Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DATE: 6/15/06

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.